HELEN E. CLAYTON, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF JOHN WILLIAM CLAYTON,
DECEASED, PLAINTIFF-APPELLANT, v. CARROLL DRUG
COMPANY, A CORPORATION, DEFENDANT-RESPOND-
ENT.

HELEN E. CLAYTON, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF JOHN WILLIAM CLAYTON,
DECEASED, PLAINTIFF-APPELLANT, v. CHARLES GAR-
RABRANT, DEFENDANT-RESPONDENT.

Submitted October 7, 1947—Decided January 20, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-appellant, *Richard J. Hughes* and *Vincent
E. Hull.*

For the defendants-respondents, *Collins & Corbin* (*Edward
A. Markley* and *James B. Emory*).

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. These are two actions by an admin-
istratrix *ad prosequendum* under the Death Act, one brought
against a drug store company and the other against the com-
pany's managing druggist, for filling and delivering a phy-
sician's prescription which allegedly called for a fatal dosage,
following the taking of which the patient died. The causes
were tried together There were general verdicts by the jury
against the plaintiff in each case, and judgments for the re-
spective defendants were entered accordingly.

Plaintiff appeals from the refusal of the trial court to grant
a new trial for the reason, first. that the defendant Garrabrant

gave testimony false in fact on a material element which could not be rebutted at the trial and, second, that the verdict was contrary to the weight of the evidence.

The physician attending upon plaintiff's decedent gave a written prescription which was taken to the defendants and which called for six ounces of pure chloral hydrate crystals with a dosage of three teaspoonfuls in water to be repeated in two hours if necessary. The defendant Garrabrant telephoned to the doctor and told him that the dose was too high and that he refused to fill the prescription with those directions; that he had checked with a publication known as "Merck's Index" which showed a dosage of 90 grains. The doctor then authorized reducing the dose to one teaspoonful in water, and upon further remonstrance from Garrabrant directed that the dose interval be put at three hours, if necessary. As so altered, the prescription was filled and delivered. The patient took one dose and died shortly thereafter.

The court put the case to the jury upon these postulates of law: The defendant Garrabrant was a pharmacist and was under the duty to possess and exercise that reasonable degree of skill, care and knowledge which would be exercised by a reasonably prudent pharmacist in the same situation, and the drug corporation through Garrabrant was under same duty. If Garrabrant did use that care, there could be no recovery against either defendant. If he did not, the defendants might be found guilty and mulcted in accordance with further directions of the court. But the negligence or failure to use care must naturally and proximately have caused the death. The negligence charged against defendant was not an error in compounding because nothing was compounded; the crystals were simply poured from one bottle to another. Ordinarily it was not for the druggist to know what the medicine was to be used for or who or in what condition the patient was, but simply to carry out the doctor's instructions; but here the plaintiff maintained that the excessive dosage was so flagrant that the druggist should have done more than he did. If the defendants were not negligent, the verdict should go for them. If they were negligent and the death was not due to that negligence but to something entirely disconnected

therewith, namely, chronic nephritis, again, verdict should be for the defendants. If the defendants were negligent in a way that proximately caused the death, the plaintiff would be entitled to a recovery limited to the pecuniary advantage measured in dollars and cents which those entitled had been deprived of by reason of the death, and in this connection the jury should take into consideration that the physician who wrote the prescription had paid $12,500 in settlement of his liability, and there must not be a duplication of damages. So that if defendants had been negligent and thus caused the death and the damages by reason of the death were $12,500, the verdict should be for the defendants because that sum had already been paid.

That, in so far as it went, was the law of the case as put to the jury, and there was evidence to support each actual or potential defense so charged by the court. Plaintiff did not except thereto and is not before us on any allegation of error therein. It is clear that when appellant argues, as she does, that after the trial she learned that Garrabrant inaccurately quoted Merck's Index as giving a dosage of 90 grains whereas he should have said that the dosage so recommended was for a twenty-four hour period with a maximum single dose of 45 grains and that the Circuit Court committed reversible error in not granting a new trial on that presentation, she is addressing herself to a single phase of one defense and not at all to the other defenses, all of which had substantial support in the testimony and were clearly charged to the jury. The significance of the point which appellant now urges, even if it were shown by the record, was much more capable of being weighed by the judge who heard the testimony and observed the witnesses than by an appellate court. The matter does not come within the class of newly discovered evidence. This court does not substitute its judgment for that of the trial court. *Heuser* v. *Rothenberg,* 123 *N. J. L.* 319. The general rule is that the Circuit Courts have the right to decide finally and without review whether a new trial should be granted. *Central Railroad Co.* v. *Tunison,* 55 *N. J. L.* 561. An exception occurs when the refusal of the trial court to give relief is so extreme as to constitute a shock to reason and to justice,

*Nelson* v. *Eastern Air Lines, Inc.,* 128 *Id.* 46; a situation which does not exist here. Moreover, the record does not adequately present the proceedings on the rule. The only paper before us in that connection is the order refusing to issue a rule to show cause why a new trial should not be granted, which gives no details as to grounds or otherwise. We are given the transcript of the trial proceedings. We are not shown the papers on motion for a new trial nor what was put before the trial court in support of the motion.

Appellant's second point is that a new trial should have been granted because the verdict was contrary to the weight of the evidence. The record does not disclose a case which, on its merits, would entitle appellant to prevail here upon that ground even though the ground were shown—which it is not—to have been presented to the trial court in support of the application there.

The judgments below will be affirmed.